BELSOME, J.,
Dissenting.
Li cannot agree that the Louisiana State Board of Practical Nurse Examiner’s determination to revoke Appellant’s license was supported by a preponderance of the evidence.[1] Therefore, I dissent.
In this case, the Board revoked Appellant’s license despite the conflicting testimony between Mario Hills and Paula Davis. Although Mario Hills testified that she witnessed Ms. Davis administer the Tylenol P.M. to the patient, Ms. Davis denied ever administering the Tylenol P.M., and plainly testified that the purchase of the Tylenol P.M. was for her personal use only. Mario Hills was the sole person who claimed to have witnessed Ms. Davis administer the Tylenol P.M., and inexplicably waited nearly two weeks to come forward with this information. All other evidence against Ms. Davis was circumstantial.
While the allegations in this case, if true, are serious and should not be minimized, the trial court erred when it affirmed the Board’s decision to strip Ms. Davis of her profession and livelihood based essentially upon suspiciously delayed [ 2testimony from only one alleged eyewitness. Moreover, Ms. Hills, a witness whose objectivity is debatable, was unable to articulate any reasonable explanation for the lengthy delay in reporting the administration of the Tylenol P.M. — an action that the Board *7 argues was potentially fatal. The lack of an explanation for the delay gives this writer great pause, because if a patient’s health were truly in danger, it seems that one should be held accountable for such misconduct immediately.
Considering the evidence in the record, this writer would find that a six month suspension[2] would have been a more than appropriate remedy, rather than the revocation of Appellant’s license, which prejudiced her substantial rights.[3] See La. R.S. 49:964(G). Therefore, I would reverse the trial court’s affirmation of the Board’s determination to revoke Appellant’s nursing license.

. As the majority recognizes, a reviewing court may reverse or modify an agency’s determination if an individual’s substantial rights have been prejudiced because the Board's findings, inferences, conclusions, or decisions are:
[n]ot supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has had the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
La. R.S. 49:964(G)(6)(emphasis added).

. As the majority noted, although purportedly a clerical error, the initial Order issued by the Board to Ms. Davis fined Ms. Davis $500.00 and suspended her license.

. A license to practice nursing is a basic property right. See, e.g., Williams v. Louisiana State Bd. Of Nursing, 1999-0932, p. 1 (La.1999), 733 So.2d 1192.